IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

REBECCA MONETTE,

            Plaintiff,

v.                                                Civ. No. 04-1397 JH/LFG

LONGFORD AT ARROWWOOD, L.L.C.,
a foreign limited liability corporation, et al.,

            Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's *Motion For Remand* [Doc. No. 11]. The primary issue before the Court is whether Plaintiff's Complaint raises a federal question such that this Court has subject matter jurisdiction. Also before the Court are Defendants' *Motion To Dismiss* [Doc. No. 4] and *Motion to Consolidate* [Doc. No. 6]. Of course, jurisdiction is a threshold issue that must be decided before the Court may take any action whatsoever on the merits. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). Because the Court concludes that the Complaint does not contain a federal question, the Motion For Remand will be granted and the case remanded to state district court.

## FACTUAL BACKGROUND

Plaintiff Rebecca Monette has filed two lawsuits against the same group of Defendants, who she alleges are her former employers. On November 4, 2004, Plaintiff filed her Complaint for Retaliatory Discharge in the Second Judicial District Court, Bernalillo County, New Mexico. In that Complaint, Plaintiff alleges that she worked for Defendants as a broker liaison and marketing manager. Plaintiff states that in August of 2004, Defendants' Albuquerque office accepted a postage

meter containing $6,500 in postage from a title company. Complaint at ¶ 1. Plaintiff further contends that she told Defendants that "she was not comfortable housing the meter in her office because as a licensed real estate broker, because [sic] she could be liable under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607 ("RESPA"), if usage of the meter were determined [sic] violate RESPA." Id. Plaintiff claims that in retaliation for her refusal to use the postage meter, Defendants terminated her employment in violation of the public policies embodied in RESPA as well as the New Mexico Insurance Code, NMSA 1978, § 59A-16-18. Id. at ¶¶ 1, 29-30.[1] Then, on December 15, 2004, Defendants filed their Notice of Removal with this Court on the grounds that the Complaint raises a federal question, i.e., a violation of RESPA.

## DISCUSSION

Federal court jurisdiction is to be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). "[T]here is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removing party bears the burden of establishing that removal was properly accomplished. *Id*.

### Plaintiff's State Law Claim

To properly determine whether this Court has federal question jurisdiction over Plaintiff's state law claim for wrongful discharge, one must first understand the nature of that claim. New

---

[1] Plaintiff's Complaint explicitly alleges that her termination is contrary to the public policy contained in the New Mexico Insurance Code. Complaint at ¶ 30. However, the Court believes that under a fair reading of the Complaint as a whole, Plaintiff is also contending that her termination is contrary to the public policy contained in RESPA.

Mexico law permits employees to recover for the tort of retaliatory discharge when their discharge contravenes a "clear mandate of public policy." *Vigil v. Arzola*, 102 N.M. 682, 688, 699 P.2d 613, 619 (Ct. App. 1983), *rev'd in part on other grounds,* 101 N.M. 687, 687 P.2d 1038 (1984), *overruled in part on other grounds*, *Chavez v. Manville Prods. Corp*., 108 N.M. 643, 777 P.2d 371 (1989). The basic burden on the employee in such a case is to prove that she was discharged because she performed an act that public policy has authorized or would encourage or that she refused to perform an act that public policy would condemn. *Id*. at 689, 699 P.2d at 620. Later New Mexico cases have refined the elements of the cause of action to require the employee to prove that her actions were not "merely private or proprietary" but rather were undertaken to "further the public good." *Gutierrez v. Sundancer Indian Jewelry, Inc.*, 117 N.M. 41, 48, 868 P.2d 1266, 1273 (Ct. App. 1993) (citation omitted); *accord Garrity v. Overland Sheepskin Co*., 1996-NMSC-032, ¶¶ 15-16, 121 N.M. 710, 917 P.2d 1382. In addition, the employee must prove that the employer was aware of the employee's acts and discharged the employee, at least in part, because of the protected conduct. *Weidler v. Big J Enters., Inc.*, 1998-NMCA-021, ¶¶ 25, 34-35, 124 N.M. 591, 953 P.2d 1089; *Lihosit v. I & W, Inc.*, 121 N.M. 455, 458, 913 P.2d 262, 265 (Ct. App. 1996).

As the New Mexico Court of Appeals explained in *Weidler*, "One source we look to for statements of public policy is legislation. Thus, if there is a statute prohibiting certain actions, we view that as a statement of public policy which may be used to support the common-law cause of action." 1998-NMCA-021 at ¶ 18. *See also National Trust for Historic Preservation v. City of Albuquerque*, 117 N.M. 590, 593, 874 P.2d 798, 801 (Ct. App. 1994) ("[A] common-law court may utilize the statute solely to demonstrate what is public policy; that public policy then forms the predicate for a common- law cause of action."). "New Mexico thus recognizes an employee's right to institute a

3

private cause of action, not seeking enforcement of the statute as such, but to enforce his common-law right not to be discharged for reporting [a violation of the statute]." *Weidler*, 1998-NMCA-021 at ¶ 17.

### **Principles of Federal Question Jurisdiction**

Where there is no diversity of citizenship between the parties, as in this case, the propriety of removal turns on whether the case falls within the original "federal question" jurisdiction of United States district courts under 28 U.S.C. § 1331. The presence or absence of federal question jurisdiction in any specific case is governed by the "well-pleaded complaint" rule. That rule states that a complaint originally filed in state court cannot be removed to federal court unless federal jurisdiction appears from the face of a "well-pleaded complaint." *Gully v. First National Bank*, 299 U.S. 109, 57 S. Ct. 96, 81 L.Ed. 70 (1936); *see also Louisville & N. R. Co. v. Mottley*, 211 U.S. 149, 29 S. Ct. 42, 53 L. Ed. 126 (1908). The rule has been stated by the Supreme Court as follows:

> [W]hether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, ... must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.

*Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10, 103 S. Ct. 2841, 77 L. Ed.2d 420 (1983) (quoting *Taylor v. Anderson*, 234 U.S. 74, 75-76, 34 S.Ct. 724, 58 L.Ed. 1218 (1914)). Under this rule, the plaintiff may avoid federal jurisdiction by exclusive reliance on state law in his complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). Furthermore, a defense that raises a federal question is inadequate to confer federal jurisdiction. *See Mottley*, 211 U.S. at 153-54, 29 S.Ct. at 44.

District courts have original jurisdiction over all actions arising under the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 1331. "Although the constitutional meaning of 'arising under' may extend to all cases in which a federal question is 'an ingredient' of the action, we have long construed the statutory grant of federal-question jurisdiction as conferring a more limited power." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 807-08, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) (internal citation omitted). The more familiar definition of the statutory "arising under" limitation is Justice Holmes' statement that, "[a] suit arises under the law that creates the cause of action." *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260, 36 S.Ct. 585, 586, 60 L.Ed. 987 (1916). However, the Supreme Court also has held that "a case 'arises under' federal law where the vindication of a right under state law necessarily turned on some construction of federal law." *Franchise Tax Bd.*, 463 U.S. at 9, 103 S.Ct. 2841 (citing *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577 (1921)).

In the present case, it is clear that federal law does not create Plaintiff's cause of action. Plaintiff is suing for retaliatory discharge in violation of public policy, also known as wrongful discharge. This is a cause of action established by state common law, not by federal law. Therefore, the issue is whether the state claim "necessarily depend(s) on resolution of a substantial question of federal law." *See Franchise Tax Bd. of State of Calif. v. Construction Laborers Vacation Trust for So. Calif.*, 463 U.S. 1, 27-28, 103 S.Ct. 2841, 2855- 2856 (1983). In determining whether the federal issue is sufficiently substantial, a court "should be informed by a sensitive judgment about whether the existence of federal judicial power is both appropriate and pragmatic and that at bottom ... whether the dispute is one that Congress intended federal courts to resolve." *Templeton Board of Sewer Comm'rs v. Am. Tissue Mills of Mass., Inc.*, 352 F.3d 33, 40 (1st Cir. 2003).

5

In *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988), the Supreme Court further elaborated the circumstances under which a state-law claim "necessarily depends" upon a "substantial question of federal law." In that case, the Court held that a claim does not "arise under" the federal patent laws if the complaint states alternate theories for that claim, only one of which requires resolution of a patent-law question. *See id.* at 809-10, 108 S.Ct. 2166. "Thus, *Christianson* suggests that there is no federal question jurisdiction when the complaint on its face states alternate theories supporting a state-law claim, at least one of which does not involve a federal question." *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 760 (6th Cir. 2000).

**<u>Does Plaintiff's State Law Claim Implicate A Substantial Question Of Federal Law?</u>**

As the Sixth Circuit Court of Appeals noted in *Long*, federal question jurisdiction may arise where a well-pleaded complaint advances a claim framed in terms of state law, but which requires the resolution of a substantial federal question as necessary to the decision. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 759 (6th Cir. 2000). However, where that state law claim is based on alternate state-and federal-law theories, either of which would be sufficient to resolve the claim, there is no substantial federal question and no "arising under" jurisdiction. *Id*.

The facts in *Long* were much like those presented here. In that case, the plaintiff asserted a claim for wrongful discharge, alleging that the termination of his employment violated the public policies contained in both federal and state statutes. *Id*. at 760. The court concluded that "[s]ince Long's complaint offered state as well as federal policies as evidence of his wrongful discharge, this case appears to fall squarely within the Supreme Court's holding in *Christianson*." *Id*. Under the reasoning set forth in *Long*, this Court lacks subject matter jurisdiction over Plaintiff's claim because he has alleged both federal and state statutes as the source of public policy upon which his wrongful

6

discharge claim is based.

Other Circuit Courts of Appeals have reached similar results.[2] For example, in *Campbell v. Aerospace Corp.*, 123 F.3d 1308, 1315 n.1 (9th Cir. 1997), the Ninth Circuit stated in dicta that there would be no federal subject matter jurisdiction over plaintiff's wrongful discharge claim where state law was an alternative source of public policy. In *Willy v. Coastal Corp.*, 855 F.2d 1160, 1169-70 (5th Cir. 1988), the court found that there was no federal question where plaintiff's wrongful discharge claim was predicated on his alleged attempts to cause his employer to comply with, or his refusal to violate, state as well as federal environmental laws and federal securities laws. *But see Bracey v. Board of Educ. of City of Bridgeport*, 368 F.3d 108, 116 (2d Cir. 2004) (finding federal jurisdiction over state law retaliation claim where plaintiff alleged violation of his rights under both state and federal law).

The Court is persuaded by the analyses in *Christianson*, *Long*, *Campbell*, and *Willy*. In view of the foregoing, the Court concludes that Plaintiff's Complaint, which claims that the termination of his employment violated a public policy embodied in state law, does not implicate a substantial question of federal law, and therefore the Court does not have subject matter jurisdiction.

IT IS THEREFORE ORDERED that:

(1)     Plaintiff's *Motion For Remand* [Doc. No. 11] is GRANTED, and the case will be remanded to the Second Judicial District Court in Bernalillo County, New Mexico;

(2)     Defendant's *Motion to Dismiss* [Doc. No. 4] is DENIED as moot; and

---

[2] The Court has not found, nor have the parties cited, any Tenth Circuit authority on this question.

(3)     Defendant's *Motion to Consolidate* [Doc. No. 6] is DENIED as moot.

_____
UNITED STATES DISTRICT JUDGE